UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:03CR277(PCD) |
| | : | |
| SUSAN GODDING | : | NOVEMBER 30, 2004 |

## GOVERNMENT'S MOTION TO SUPPLEMENT RECORD

Pursuant to Federal Rule of Appellate Procedure 10(e)(2)(B), the Government hereby moves this Court for an Order supplementing the record on appeal in two respects.

First, the Government moves this Court for an Order permitting the Government to supplement the record on appeal with a copy of the June 23, 2004 Certificate of Death for Barbara Dolores Kelley, the mother of the defendant in the above-referenced matter. The defendant's brief, filed with United States Court of Appeals for the Second Circuit, is ambiguous on the question of whether the defendant continues to assist her mother at the present time. Defendant's Brief at 15. The Government does not suggest that the defendant has intentionally misled the Court of Appeals, but in order to clarify the ambiguity, the death certificate is necessary.

Second, similarly, in her brief the defendant asserts, in the present tense, that she "plays a critical role in her community through volunteer and other efforts." Defendant's Brief at 16.[1] The defendant's conduct after the sentencing is not at issue, since the questions before the Court of

---

[1] Defendant's Brief pages 15-16 are attached as Exhibit 1.

Appeals focus on the defendant's conduct up to the date of sentencing. However, since the defendant is asserting facts to the Court of Appeals regarding the defendant's present conduct, facts which are not in the record,[2] it is necessary for the Government to respond to assertions regarding the defendant's ongoing conduct.

Therefore, the Government seeks permission from this Court to supplement the record on appeal with the following documents:

1. June 23, 2004 Certificate of Death for Barbara Delores Kelley (Exhibit 2);

2. June 30, 2004 statement by Judith H. Trovers to the Connecticut State Police (Exhibit 3);

3. June 30, 2004 statement by Fern M. Forcelle to the Connecticut State Police (Exhibit 4);

4. June 30, 2004 statement by Joan M. Caine to the Connecticut State Police (Exhibit 5); and

5. June 16, 2004 employee separation form, relative to Susan Godding (Exhibit 6).

Exhibits 3 through 6 reflect the fact that the defendant, shortly after her sentencing in this matter, was terminated from her employment due to conclusions by her employer that she was submitting false orders in an effort to obtain commissions that she had not earned.[3]

---

[2] For example, the defendant also appears to be advising the Court of Appeals of a factual matter that has been ascertained by counsel, himself, and which is not in the record before the Court of Appeals. See Defendant's Brief at 21 n. 14 (included in Exhibit 1).

[3] It is noted that, according to the statement by Joan M. Caine, one of the false orders was reported by the defendant on May 25, 2004, the day after sentencing in this case.

Counsel for the defendant objects to this motion.

>Respectfully submitted,
>
>KEVIN J. O'CONNOR
>UNITED STATES ATTORNEY
>
>
>JOHN A. DANAHER III
>ASSISTANT UNITED STATES ATTORNEY
>Federal Bar No. ct05101
>450 Main Street, Room 328
>Hartford, CT 06103
>(860) 947-1101

### CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been mailed this 30th day of November, 2004, to Kathleen Nevins, Esq., and Charles Willson, Esq., Nevins & Nevins, LLP, 102 Connecticut Boulevard, East Hartford, CT 06128.

>_____
>JOHN A. DANAHER III
>ASSISTANT UNITED STATES ATTORNEY