UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3-03-cr-277 |
| v. | : | |
| SUSAN GODDING | : | December 2, 2004 |

DEFENDANT'S OBJECTION TO
THE GOVERNMENT'S MOTION TO SUPPLEMENT THE RECORD

The defendant, Susan Godding, hereby objects to the Government's Motion to Supplement the Record, dated November 30, 2004 (the "Motion"). The Motion should be denied for the following reasons.

1. Of greatest importance to whether the record should be supplemented for purposes of the appeal, as the Government concedes, "[t]he defendant's conduct after the sentencing is not at issue, since the questions before the Court of Appeals focus on the defendant's conduct up to the date of the sentencing." To the extent that the Government construes the defendant's brief as ambiguous, in the Government's reply brief, the Government can readily remind the Court of Appeals of its obligation only to consider those facts as presented to this Court.

2. Instead, the Government seeks to poison the record before the Court of Appeals with news concerning the defendant's employment, from which she was

terminated shortly before her employer, *see In re Executive Greetings, Inc.*, Nos. 03-36220 through 03-36225 (Bkrptcy. D. Conn., New Haven Division), which was on the precipice of bankruptcy, incurred bonus obligations to the defendant. Mot., Exh. 3. The amount of commissions that the defendant allegedly purloined and gave rise to her arrest was $12 in one transaction, Mot., Exh. 4, at 2, and the other alleged gains by the defendant are unclear from the Motion.

      3.      The Government seeks to include evidence of the defendant's arrest and loss of employment only to counter one statement by the defendant that she "plays a critical role in her community through volunteer efforts." Mot. at 1-2. Even if this one line renders ambiguous the defendant's position as to the relevant facts, which it does not, the evidence propounded by the Government does not address the issue of whether the Defendant volunteers in her community.

      4.      Moreover, as to the statements concerning the defendant's mother and her role in the community, when read in context of the entire brief, the argument clearly urges that the Court of Appeals affirm the sentence <u>based on the facts presented at the time of sentencing</u>. *See, e.g.*, Def.'s Br.[1] at 3 (Between that time and the time of the subject offense, Appellee was a dedicated . . . daughter, and active in her community); *id.*

---

[1] A copy of the relevant portions of the defendant's brief are attached hereto as Exhibit 1.

at 8 ("Appellee was doing everything for her mother, including taking her to doctors' appointments . . ."). Indeed, this point is made from the opening of the brief, with the Statement of the Issues asking "[w]hether the District Court abused its discretion in sentencing Appellee, in light of her extraordinary family and community ties, . . .." *Id.* at 1. In short, the Court of Appeals should be able to review the issues based on the record before it; no clarification is necessary.

5. Finally, only one fact is presented to the Court of Appeals that was not made before this Court at the time of sentencing – that the Defendant's husband appears not to have initiated divorce proceedings. This fact is based on an inference from the absence of a record on the Connecticut Judicial Branch website regarding either the defendant or her husband filing a divorce action. The Court of Appeals may take judicial notice of this Court record, and this point was raised in response to the Government's opening brief stating that "Mr. Godding sought a divorce due to the defendant's conduct." Govt. Br. at 5. Moreover, the significance of this issue is far less than that of the issues the Government seeks to raise.

WHEREFORE, the defendant requests that the Court deny the Government's Motion to Supplement the Record.

Respectfully submitted,

DEFENDANT,
SUSAN GODDING

Dated: December 2, 2004                    By_____
Charles F. Willson (ct21429)
NEVINS & NEVINS LLP
Her Attorneys
102 Connecticut Boulevard
P. O. Box 280658
East Hartford, CT  06128
(860) 289-4455

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent via U.S. mail, postage prepaid, on December 2, 2004, to all counsel and parties of record as follows:

COUNSEL FOR THE GOVERNMENT:

John Danaher III, Esq.
Assistant United States Attorney
450 Main Street, Room 328
Hartford, CT  06103

_____
Charles F. Willson